UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REMINGTON DONO LEBOE,

        Plaintiff,

v.

KING COUNTY CORRECTION FACILITY, et al.,

        Defendants.

CASE NO. 2:21-CV-1086-RAJ-DWC

ORDER TO SHOW CAUSE OR AMEND

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Remington Dono LeBoe, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983.[1] Having reviewed and screened Plaintiff's proposed complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by October 25, 2021, to cure the deficiencies identified herein.

---

[1] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 4. However, the Court finds it improbable Plaintiff will be able to cure the deficiencies of his Complaint and therefore will not rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

ORDER TO SHOW CAUSE OR AMEND - 1

## I. Background

Plaintiff initiated this case on August 12, 2021. Dkt. 1. In the proposed complaint, Plaintiff, an inmate housed at the King County Jail, names the King County Correction Facility, Seattle Police Department, Captain Schnider, and Lydia Pennte as defendants. Dkt. 1-1. Plaintiff alleges his constitutional rights have been violated; however, his claims are not clear.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's proposed complaint is incoherent and nearly illegible. *See* Dkt. 1-1. He appears to allege treason

and presidential assassination. *Id*. He also alleges he was raped and beaten. *Id*. It, however, is not clear how or if the named defendants were involved any of the alleged conduct. *Id*. After a review of the proposed complaint, the Court finds Plaintiff's vague, conclusory allegations are insufficient to a state a claim under §1983.

### III.   Instructions to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a proposed amended complaint and within the proposed amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the proposed amended complaint on the form provided by the Court. The proposed amended complaint must be **legibly rewritten or retyped** in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of any previously filed complaint by reference. The proposed amended complaint will act as a complete replacement for any previously filed complaint, and not as a supplement. The Court will screen the proposed amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the proposed amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

1    If Plaintiff fails to file a proposed amended complaint and fails to adequately address the
2    issues raised herein on or before October 25, 2021, the undersigned will recommend dismissal of
3    this action.
4    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
5    civil rights complaint and for service. The Clerk is further directed to send copies of this Order to
6    Plaintiff.
7    Dated this 23rd day of September, 2021.

David W. Christel
United States Magistrate Judge