UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REMINGTON DONO LEBOE,

           Plaintiff,

   v.

KING COUNTY CORRECTION FACILITY, et al.,

           Defendant.

CASE NO. 2:21-CV-1086-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: February 11, 2022

    The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Remington Dono LeBoe, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1. On September 23, 2021, the Court screened Plaintiff's proposed complaint. Dkt. 7 ("Order"). The Court declined to serve the proposed complaint due to deficiencies and directed Plaintiff to file an amended complaint on or before October 25, 2021. *Id*. The Court warned Plaintiff that if he failed to file an amended complaint or otherwise respond to the Order the undersigned would recommend dismissal of this action. *Id*.

    On November 17, 2021, the Court granted Plaintiff an extension of time, until December 9, 2021, to respond to the Order because Plaintiff was transferred to Western State Hospital for competency restoration and did not have access to a law library. Dkt. 17. On December 13, 2021,

REPORT AND RECOMMENDATION - 1

Plaintiff contacted the Court stating he had not received mail regarding his case. In light of Plaintiff's call, the Court extended the time for Plaintiff to file an amended complaint or respond to the Order. Dkt. 18. Plaintiff's amended complaint or response to the Order was due on or before January 7, 2022. *Id*. In both orders granting extensions of time, the Court again warned Plaintiff that if he failed to file an amended complaint or otherwise respond to the Order the undersigned would recommend dismissal of this action. Dkt. 17, 18.

Plaintiff has failed to comply with the Court's orders. He has not filed an amended complaint or otherwise responded to the Order. Further, as discussed in the Order, Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. 7. Therefore, the Court recommends this case be dismissed without prejudice for failure to follow a Court order and failure to state a claim upon which relief can be granted. The Court also recommends Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 4) be denied as moot.

As Plaintiff failed to state a claim upon which relief could be granted in the proposed complaint, the Court finds this case should be considered a "strike" under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 11, 2022, as noted in the caption.

Dated this 25th day of January, 2022.

David W. Christel
United States Magistrate Judge